# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE PEELE,<br>　　　　Plaintiff | ) )<br>) | C.A. 13-200 Erie |
| v. | ) )<br>) | Magistrate Judge Baxter |
| ULLI KLEMM,<br>　　　　Defendant. | ) )<br>) | |

## OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter.

## I.　INTRODUCTION

### A.　Relevant Procedural History

Plaintiff Tyrone Peele, a prisoner incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest") initiated this action on July 8, 2013, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 [ECF No. 8]. Plaintiff subsequently filed an amended complaint on November 18, 2013 [ECF No. 14], which superseded the original complaint. The sole Defendant is Ulli Klemm, the Religion, Volunteer, and Recreational Services Administrator for the Pennsylvania Department of Corrections ("DOC").

In his amended complaint, Plaintiff claimed that his First Amendment right to free exercise of religion, the First Amendment Establishment Clause, and his rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*, were violated as a result of a DOC policy that places restrictions on the rights of Muslim inmates to attend the two feasts of the Ramadan holiday. As relief for his claims, Plaintiff sought

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF

injunctive relief, and compensatory and punitive damages.

On December 2, 2013, Defendant filed a motion to dismiss, or, in the alternative, motion for a more definite statement [ECF No. 15], asserting, *inter alia*, that Plaintiff failed to state a claim upon which relief may be granted. On September 29, 2014, this Court issued an Opinion & Order granting Defendant's motion to dismiss Plaintiff's First Amendment claims and his RLUIPA claim insofar as Plaintiff sought to recover monetary damages; however, Defendant's motion to dismiss Plaintiff's RLUIPA claim was denied to the extent Plaintiff sought injunctive relief. In addition, this Court granted Defendant's motion for more definite statement and ordered Plaintiff to file a second amended complaint, by October 31, 2014, containing only those allegations relating to his RLUIPA claim for injunctive relief, and specifically stating the ways in which he personally has been allegedly restricted from practicing his religious beliefs as a result of the implementation of DOC Policy DC-819. [ECF No. 28].

After Plaintiff failed to file a second amended complaint in accordance with this Court's Order dated September 29, 2014, this Court issued a Show Cause Order on June 3, 2015, requiring Plaintiff to file the required amendment on or before June 22, 2015, or suffer dismissal of this case for failure to prosecute. [ECF No. 35]. On June 25, 2015, Plaintiff filed a "Supplemental Complaint," which was construed as a second amended complaint. On July 9, 2015, Defendant filed a motion to dismiss "supplemental complaint." [ECF No. 37]. Plaintiff has since filed a response to Defendant's motion. This matter is now ripe for consideration.

---

Nos. 3, 18).

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing'

rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

> The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:
>
> > To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
> >
> > First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 2.  *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner... may be inartfully drawn and should be read

'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### **C.** **Discussion**

Defendant argues that Plaintiff's second amended complaint should be dismissed in its entirety because Plaintiff has failed to comply with the directives of this Court's Order of September 29, 2014. The Court agrees.

This Court's Order specifically required Plaintiff to file a second amended complaint detailing how he was personally affected by DOC Policy DC-819, with the specific purpose of clarifying the allegations of his first amended complaint. This he has failed to do. Instead, he has filed a rambling, largely incoherent document [ECF No. 36] containing a string of disjointed statements, legal citations, and bald allegations that have very little, if anything, to do with his RLUIPA claim. In addition, he appears to restate his First Amendment claims that were previously dismissed by the Court. Since Plaintiff was given over nine months to comply with the Court's Order to file a more definitive statement of his RLUIPA claim, no further opportunity to amend his claim is warranted. Consequently, this case will be dismissed, with prejudice.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TYRONE PEELE, )
        Plaintiff )    C.A. 13-200 Erie
)
    v. )
)    Magistrate Judge Baxter
ULLI KLEMM, )
        Defendant. )

# **ORDER**

AND NOW, this 14th day of March, 2016,

IT IS HEREBY ORDERED that Defendant's motion to dismiss "supplemental complaint" [ECF No. 37] is granted and this case is dismissed, with prejudice. The Clerk is directed to mark this case closed.

                                                                 /s/ Susan Paradise Baxter
                                                           SUSAN PARADISE BAXTER
                                                           United States Magistrate Judge